IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

MELISSA ADKINS, as Administratrix
of the Estate of Jessie Reuben Adkins,

        Plaintiff,

v.

No.: 2:11-cv-0285
(Formerly Kanawha County Civil
Action No. 11-C-574)

CONSOLIDATION COAL COMPANY,
a foreign corporation,
CONSOL ENERGY, INC.
a foreign corporation,
TODD MOORE, RICHARD MARLOWE,
JAMES BROCK, BRENT MCCLAIN,
WAYNE CONAWAY, JOSEPH MORGAN,
And LARRY MAYLE,

        Defendants.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1367, 1441(b), and 1446, Defendants give notice of removal of the above-captioned action from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia. In support of their Notice of Removal, Defendants state as follows:

        1. This action was instituted in the Circuit Court of Kanawha County, West Virginia on April 7, 2011, and is now pending in that Court as Civil Action No. 11-C-574. The first service reflected upon any of the defendants was on April 9, 2011. Defendants Morgan, Mayle, Brock and McClain, or someone of their household, signed for the Complaint via certified mail on April 9, 2011. Service was affected upon Consolidation Coal Company and CONSOL Energy, Inc., through the West Virginia Secretary of State on April 11, 2011. Service upon Defendant Wayne Conaway was affected on April 13, 2011. To the extent any service was accomplished upon Defendants Moore and Marlowe, it was on or after April 9, 2011. Given the

5357283

above, this Notice is therefore timely filed within the 30 days after a defendant's receipt of the Complaint. A copy of the Kanawha County docket sheet, as well as copies of the Summons, Complaint and all other documents from the state court are attached to this notice as "Exhibit 1."

2. As stated in the Complaint, Plaintiff is an individual who resides in Barbour County, West Virginia and is otherwise a citizen and resident of that state. Compl. ¶ 2. Upon information and belief, this was true at the time of the alleged accident underlying the Complaint and also at the time of the filing of the Complaint and at the time of removal. Plaintiff is, therefore, a citizen of the State of West Virginia for purposes of determining citizenship in diversity actions.

3. CONSOL Energy, Inc. ("CONSOL") was, at the time of the accident referenced in the Complaint, when the Complaint was filed and at the time of removal, incorporated under the laws of Delaware with its principal place of business in Pennsylvania. CONSOL is, therefore, a citizen of a state other than the State of West Virginia, pursuant to 28 U.S.C. § 1332(c)(1) for purposes of determining citizenship in diversity actions.

4. Consolidation Coal Company ("CCC") was, at the time of the accident referenced in the Complaint, when the Complaint was filed and at the time of removal, incorporated under the laws of Delaware with its principal place of business in Pennsylvania. CCC is, therefore, a citizen of a state other than the State of West Virginia, pursuant to 28 U.S.C. § 1332(c)(1) for purposes of determining citizenship in diversity actions.

5. James Brock, Brent McClain, Wayne Conaway, Joseph Morgan, and Larry Mayle are individuals who reside in West Virginia and are, therefore, citizens of West Virginia under 28 U.S.C. § 1332(a) for purposes of determining citizenship in diversity actions. This was true at the time of the accident, when the Complaint was filed and at the time of removal. At the time of the accident the subject of Plaintiff's Complaint, these individuals were

employees of CCC. These individuals have been fraudulently joined as parties to this action as there is no possibility that Plaintiff can establish a cause of action against them under West Virginia law. Specifically, Plaintiff's claim against these individuals is for Deliberate Intent in violation of W. Va. Code §23-4-2(d)(ii). Under that subsection, however, only an *employer* may be held liable if all five factors are satisfied. *See* Evans v. CDX Services, LLC, 528 F. Supp. 2d 599, 605 (S.D. W. Va. 2007); King v. Sears Roebuck & Co., 2011 WL 672065 at *4 (S.D. W. Va. February 14, 2011). These individuals were not the employer of Plaintiff's decedent. *See* Complaint at ¶ 70. Thus, the doctrine of fraudulent joinder permits this Court to disregard the citizenship of Defendants Brock, McClain, Conaway, Morgan and Mayle and assume jurisdiction of this matter.

6. Todd Moore is an individual who resides in West Virginia and is, therefore, a citizen of West Virginia under 28 U.S.C. § 1332(a) for purposes of determining citizenship in diversity actions. This was true at the time of the accident the subject of the Complaint, when the Complaint was filed and at the time of removal. Richard Marlowe is an individual who resides in Pennsylvania and is, therefore, a citizen of Pennsylvania under 28 U.S.C. § 1332(a) for purposes of determining citizenship in diversity actions. Mr. Marlowe was a citizen of Pennsylvania at the time of the accident the subject of the Complaint, at the time of the filing of the Complaint and at the time of removal.

7. At the time of the accident the subject of Plaintiff's Complaint, Defendants Moore and Marlowe were employed by CONSOL. Moore and Marlowe have been fraudulently joined as parties to this action as there is no possibility that Plaintiff can establish a cause of action against them under West Virginia law. Specifically, Plaintiff's claim against Moore and Marlowe is for negligence. West Virginia law prohibits this cause of action against CONSOL, Moore and Marlowe for a number of reasons, including:

5357283

3


Case 2:11-cv-00285 Document 1 Filed 04/26/11 Page 4 of 7 PageID #: 4

a.  CONSOL has statutory workers' compensation immunity from negligence and other lawsuits brought by Plaintiff, given CONSOL's status as guarantor of CCC's self-insured workers' compensation obligations. Further, CONSOL provides a surety bond for CCC further reinforcing such obligations and otherwise entitling it to workers' compensation immunity. CONSOL further utilizes accounting measures and undertakes other activities which make possible and undergird CCC's worker's compensation benefit program, thus entitling it to the benefits of workers' compensation immunity. These facts were true at the time of the accident the subject of Plaintiff's complaint, at the time of the filing of the Complaint and at the time of removal. Because of the above, the statutory immunities found at W. Va. Code § 23-2-6 and §23-2-9 apply to CONSOL, and extend and apply to Defendants Moore and Marlowe by virtue of W. Va. Code § 23-2-6a. This statute extends workers' compensation immunity to the officers, managers, agents, representatives, or employees of the employer. In light of the above, no action may be brought against Defendant Moore, as well as Defendant Marlowe, and there is no non-diverse defendant.

b.  In the alternative, Defendants Moore and Marlowe have immunity from suit pursuant to W. Va. Code §23-2-6a, by virtue of being a "manager," "agent" or "representative" of CCC, for purposes of immunity under West Virginia's Workers' Compensation Act.[1]

---

[1] Defendant Brock is currently an employee of CONSOL, although at the time of the accident he was an employee of CCC. As such, he has workers' compensation immunity as an employee of CCC at the time of the accident. To the extent Plaintiff argues that his employment status affects his statutory immunity, it would still remain by virtue of his status as an "manager," "agent," "representative" etc., of CCC.

      c.    In the alternative, Plaintiff can state no claim against Defendant Moore[2], as well as Defendants CONSOL and Marlowe for negligence, because no legal duty existed or exists upon which to base such a claim.

      d.    In the alternative, Plaintiff has alleged that CONSOL exercised such control over CCC that it was its alter-ego. Without admitting or agreeing with Plaintiff's allegation, if such allegations are taken as true, CONSOL would be entitled to CCC's workers' compensation immunity, and by extension pursuant to W. Va. 23-2-6a, Defendants Moore would be entitled to such immunity as well, along with Defendant Marlowe.

      e.    In the alternative, CONSOL is a statutory agent for CCC, and thus encompassed by the statutory immunity provided under the West Virginia Workers' Compensation Act, including but not limited to W. Va. 23-2-6(a), by virtue of its involvement in and effectuating of CCC's workers' compensation benefits program. Defendants Moore and Marlowe are encompassed within this immunity.

8.    Given the above, the only defendant properly named in this action is CCC, a diverse corporation.

9.    Federal jurisdiction is appropriate based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332(a), as this civil action is a matter between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff has filed a lawsuit seeking compensatory and other damages for the death of Jessie Reuben Adkins. Thus, the nature of Plaintiff's claim is evidence that the amount in controversy in this action exceeds the jurisdictional requirement.

---

[2] Of these three defendants, only Moore is a non-diverse individual. Nevertheless, the arguments apply with equal affect to relieve CONSOL and Marlowe from liability.

10. Defendants have provided written notice of the filing of this Notice of Removal to the Clerk of the state court and Plaintiff contemporaneously with the filing of this Notice of Removal as required by law. A copy of the notice to the Clerk is attached as "Exhibit 2."

WHEREFORE, Defendants respectfully advise and hereby notify the Clerk of the Circuit Court of Kanawha County, West Virginia, and Plaintiff, through her attorney, that this action has been removed to the United States District Court for the Southern District of West Virginia as provided by law and that the state action is barred from proceeding.

Respectfully submitted on April 26, 2011.

| | |
|---|---|
| | _/s/_ |
| | Steven P. McGowan (WV Bar No. |
| STEPTOE & JOHNSON PLLC | PO Box 1588 |
| Charleston, WV | Charleston, WV 25326 |
| | steven.mcgowan@steptoe-johnson.com |
| | (304) 353-8000 |
| | |
| | John R. Callcott (WV Bar No. 9206) |
| STEPTOE & JOHNSON PLLC | United Center, Suite 400 |
| Morgantown, WV | 1085 Van Voorhis Road |
| | Morgantown, WV 26505 |
| | john.callcott@steptoe-johnson.com |
| | (304) 598-8000 |
| | |
| | Robert M. Vukas (WV Bar #3882) |
| CONSOL ENERGY INC. | 1000 CONSOL Energy Drive |
| | Canonsburg, PA 15317-6506 |
| | (724) 485-4000 |
| | |
| | _Counsel for Defendants_ |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

MELISSA ADKINS, as Administratrix
of the Estate of Jessie Reuben Adkins,

        Plaintiff,

v.

No.: 2:11-cv-0285

(Formerly Kanawha County Civil
Action No. 11-C-574)

CONSOLIDATION COAL COMPANY,
a foreign corporation,
CONSOL ENERGY, INC.
a foreign corporation,
TODD MOORE, RICHARD MARLOWE,
JAMES BROCK, BRENT MCCLAIN,
WAYNE CONAWAY, JOSEPH MORGAN,
And LARRY MAYLE,

        Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2011, electronically filed the foregoing Notice of Removal via the CM/ECF system, and I caused a true copy to be served on the following counsel of record via U.S. Mail, postage prepaid, in an envelope addressed as follows:

        David Sims (W. Va. State Bar # 5196)
        Law Offices of David A. Sims, PLLC
        P.O. Box 2659
        Elkins, WV 26241

STEPTOE & JOHNSON PLLC
Morgantown, WV

John R. Callcott (WV Bar No. 9206)
United Center, Suite 400
1085 Van Voorhis Road
Morgantown, WV 26505
john.callcott@steptoe-johnson.com
(304) 598-8000